IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EASTERN CONTROLS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY BORYSOWSKI, <br><br> Defendant. | Civil No. 22-96 (RMB/MJS) <br><br> **OPINION** |

      This matter comes before the Court upon its own motion. For reasons that will be set forth below in greater detail, and after further consideration by this Court as to the issue of improper venue, this action shall be dismissed, without prejudice, pursuant to 28 U.S.C. § 1406(a).

### I.    FACTUAL AND PROCEDURAL BACKGROUND

      The underlying allegations in this suit brought by Plaintiff Eastern Controls, Inc. ("ECI") concern Defendant Timothy Borysowski's ("Mr. Borysowski's") alleged breach of certain restrictive covenant obligations and misappropriation of ECI's trade secrets after Mr. Borysowski left ECI, his former employer, and "joined a direct competitor." [Docket No. 5, at 1.] The issue of improper venue—raised by this Court *sua sponte* here—is inherently tied to the fact that the parties executed two different restrictive covenant agreements during the term of Mr. Borysowski's employment with ECI, each of which contains a different forum selection clause: First, in

1

January 2014, the parties executed a Confidentiality & Non-Solicitation Agreement and Covenant Not to Compete [Docket No. 5, Ex. A] (the "2014 Agreement"), after ECI promoted Mr. Borysowski "to the position of Outside Sales Representative, connected to ECI's Towson, Maryland office" [*Id.* at 1]; Second, in January 2019, the parties executed a Representative Confidentiality and Non-Solicitation Agreement [*Id.*, Ex. B] (the "2019 Agreement"), after ECI revised its template restrictive covenant agreement for employees following a corporate acquisition, and then, transitioned ECI employees who had signed the 2014 Agreement "over to the [2019] Agreement for the purposes of consistency." [*Id.* at 4.] Mr. Borysowski was one such employee.

The 2014 Agreement contains a mandatory forum selection clause that any action arising thereunder "must be instituted in the Superior Court of New Jersey, Atlantic County," and this is where ECI initially filed this action.[1] [*Id.*, Ex. A § 18(h).] The 2019 Agreement, on the other hand, contains a discretionary forum selection clause, that any action arising thereunder "may be instituted, in the discretion of ECI, in the Court of Common Pleas of Delaware County, Pennsylvania, or the state and federal courts located in the county and state where

---

[1] Mr. Borysowski filed a Notice of Removal with this Court on January 8, 2022. [Docket No. 1.] As previously determined by this Court in its Order to Show Cause, dated February 4, 2022, removal was proper: Mr. Borysowski "invoked this Court's federal question jurisdiction, as one of ECI's claims arises under the Defend Trade Secrets Act of 2016 ("DTSA"), as well as this Court's diversity jurisdiction, as ECI is a citizen of Pennsylvania, Mr. Borysowski is a citizen of Maryland, and the amount in controversy exceeds $75,000, exclusive of interest and costs." [Docket No. 8, at 2 (*citing* Docket No. 1, at 3-5).]

employed," which was Baltimore County, Maryland for Mr. Borysowski. [*Id.*, Ex. B § 8(f).] On February 4, 2022, this Court ordered ECI to show cause why this case should not be transferred to the United States District Court for the District of Maryland or the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a) and consistent with the forum selection clause of the 2019 Agreement. [Docket No. 8.]

In its Order to Show Cause, this Court also made several findings regarding the 2019 Agreement, which it incorporates here for purposes of this Opinion, including that the 2019 Agreement is "valid, binding, and should govern the parties' dispute." [Docket No. 8, at 1.] This Court rejected ECI's argument that the 2019 Agreement should be deemed invalid, denying ECI's request to pursue its claims under the 2014 Agreement. [*Id.*] One provision of the 2019 Agreement of particular significance in the eyes of this Court is Section 8(e), reproduced in pertinent part below:

> (e) <u>Entire Agreement</u>.  This Agreement contains the entire understanding among the parties hereto with respect to the subject matter of this Agreement, and supersedes in their entirety all prior and contemporaneous agreements and understandings, inducements or conditions, express or implied, oral or written, except as herein contained. . .

[Docket No. 5, Ex. B § 8(e).] According to the plain and ordinary meaning of this provision, the Court finds that upon executing the 2019 Agreement, the parties clearly intended for the 2014 Agreement to expire in its entirety given that both agreements relate to the same subject matter (*i.e.,* Mr. Borysowski's restrictive

3

covenant obligations owed to ECI during and after their employment relationship, as specified in the 2019 Agreement).

ECI has since realized a legal error it made when it revised its template restrictive covenant agreement for employees in 2019, which contains a Pennsylvania choice of law provision.[2] As acknowledged by ECI, under Pennsylvania law, "continued at-will employment is not a basis for consideration in a non-compete" even if the non-compete is less restrictive than a pre-existing non-compete agreement. [Docket No. 5, at 6-7 (citing *Davis & Warde, Inc. v. Tripodi*, 420 Pa. 450 (Pa. Super. Ct. 1992)).]. It is also not in dispute that at the time Mr. Borysowski entered into the 2019 Agreement, "the only consideration he was provided was continued at-will employment with [ECI], and the benefit of the less-restrictive non-compete contained in [Section] 4 of the [2019] Agreement." [*Id.* at 4.] ECI maintains that the non-compete restriction of the 2019 Agreement "is an essential provision" of that contract, and that under Pennsylvania law, "if an essential provision or primary purpose of an agreement is invalid, then the entire

---

[2] Section 8(c) of the 2019 Agreement contains the following provision:

> (c)  Controlling Law.  This Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of actions) shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania (without reference to conflict of law principles).  This Agreement shall be interpreted without the aid of any canon, custom or rule of law requiring construction against the draftsman.

[Docket No. 5, Ex. B § 8(c).]

agreement is invalid." [*Id.* at 7.]

This Court disagrees that ECI's "primary purpose" argument under Pennsylvania law can extend so far as to invalidate an entire restrictive covenant agreement because a particular covenant in such an agreement is unenforceable as a matter of state law. As previously determined by this Court, the cases cited by ECI "for the broad proposition that when the primary purpose of a contract is invalid the entire agreement must be deemed invalid are inapplicable in the current context." [Docket No. 8, at 5.] ECI relies primarily on the Third Circuit's decision in *Spinetti v. Service Corp. Intern.*, where the Circuit Court affirmed a district court's decision to void the attorney's fees and arbitration costs provisions in an arbitration agreement, but nevertheless, required the plaintiff's discrimination claims against her former employer to proceed through arbitration. 324 F.3d 212 (3d Cir. 2003). The Third Circuit explained that "Pennsylvania courts have held that if an essential term of a contract is deemed **illegal**, it renders the entire contract unenforceable by either party." *Id.* at 214 (citations omitted) (emphasis added). Unlike the provisos at issue in *Spinetti*, which required each party to bear the costs of its attorney's fees regardless of the outcome and contradicted the "statutory provisions under Title VII and [the] ADEA that permit an award of attorney's fees and costs to a prevailing party," the proviso at issue here is not *per se* illegal. *Id.* at 216. In fact, employers and employees routinely enter into restrictive covenant agreements that contain non-compete provisions, but courts will only enforce a non-compete provision against an individual employee if certain requirements are met under applicable state law.

Although the non-compete provision in the 2019 Agreement appears to be unenforceable under Pennsylvania law for lack of consideration, the Court does not consider that provision to be akin to a contractual provision that is *per se* illegal like the provision in *Spinetti* that directly contradicted a federal statute.

The distinction matters to this Court, as the issue of whether to enforce a non-compete provision is a very nuanced area of employment law. In fact, the Third Circuit recognized in *Spinetti* that "[i]n the context of restrictive covenants, '[c]ase law empowers Pennsylvania courts to grant partial enforcement of an overbroad covenant either by excising offensive portions of the covenant or by adding language.'" *Id.* at 219 (*quoting Bell Fuel Corp. v. Cattolico*, 375 Pa. Super. 238, 544 A.2d 450, 457 (1988) (*citing Sidco Paper Co. v. Aaron*, 465 Pa. 586, 351 A.2d 250, 254 (1976)); *Barb–Lee Mobile Frame Co. v. Hoot*, 416 Pa. 222, 206 A.2d 59, 60 (1975)). Such approach clearly runs counter to the approach ECI urges the Court to adopt here in invalidating the entire 2019 Agreement. The Court agrees with Mr. Borysowski that "Plaintiff has cited no case that holds" that an unenforceable restrictive covenant "in an employment agreement voids the entire employment agreement." [Docket No. 7, at 4 (emphasis in original).] ECI cites *Allied Orthopedic Assocs. V. Leonetti*, but as previously held by this Court, that case "is distinguishable from the current dispute because there, the integration clause at issue carved out 'pre-existing non-competition and non-solicitation covenants,'" such that "the terms of the parties' agreement . . . expressly permitted the district court to appl[y] the older non-compete agreement after the court found that the non-compete clause in the

6

parties' revised agreement was invalid for lack of consideration." [Docket No. 8, at 6 (*quoting* 2018 WL 4051801, at *3 (E.D.Pa. August 24, 2018)).] That is not the case here—the 2019 Agreement expressly states that any prior restrictive covenant agreement between ECI and Mr. Borysowski was thereby superseded.

      In addition, the *Spinetti* Court affirmed the district court's decision to strike the illegal provisions in the *Spinetti* parties' agreement and enforce the remaining provisions to arbitrate (*i.e.,* the primary purpose of the parties' agreement)—even in the absence of a severability clause in the agreement—because "[u]nder Pennsylvania law, 'a court of equity may not only remove an offensive term, but may supply a new, limiting term and enforce the covenant so modified. This unique power to modify the parties' contract . . . arises from the general equity powers of the court.'" *Id.* at 220 (*quoting Bell Fuel Corp. v. Cattolico*, 375 Pa. Super. 238, 544 A.2d 450, 457 (1988)). Regardless, at this stage of the litigation, this Court need not decide the extent to which any particular restrictive covenant contained in the 2019 Agreement is enforceable under Pennsylvania law, or whether any such covenant should be modified by the Court as drafted. The narrow issue currently before the Court is that of improper venue.

      Further, the Court is not convinced by ECI's contention that the "primary purpose" of the 2019 Agreement was the non-compete restriction contained in Section 4. The formal title of the 2019 Agreement is "Representative Confidentiality and Non-Solicitation Agreement"—an obvious change in title relative to the "Confidentiality & Non-solicitation Agreement and Covenant Not to Compete"

7

signed by the parties in 2014. [Docket No. 5, Ex. A, B.] The non-compete restriction is also one of several restrictive covenants contained in the 2019 Agreement, in addition to the perpetual confidentiality obligation at Section 2(a) and the non-solicitation obligations of principals and employees at Sections 5 and 6, respectively. [Docket No. 5, Ex. B.] The Court does not agree with ECI's broad contention that in the event the non-compete provision is later deemed unenforceable, its business interests will be left without any protection, or to put it differently, "[i]f permitted to become employed by a competitor in a similar role, employees such as [Mr. Borysowski] could easily utilize their knowledge of ECI's confidential information to divert opportunities from ECI to the competitor." [Docket No. 5, at 7-8.] The 2019 Agreement has a confidentiality provision that squarely prohibits such conduct. In addition to its breach of contract claims, ECI has also brought statutory and common law claims under the DTSA, the New Jersey Trade Secrets Act claim, and for unjust enrichment, which demonstrates that there are other causes of action available to ECI to pursue related claims against Mr. Borysowski for the protection of its business interests. Thus, the Court finds that not only is ECI's "primary principle" argument inapplicable in the restrictive covenant context, but it is also not persuasive.

    As the Court previously held, ECI is conflating the adequacy of consideration necessary to support enforcement of a non-compete restriction under Pennsylvania law with the adequacy of consideration to "support an integration clause, a choice of law/venue clause, or to release an employee from a prior restrictive covenant

agreement."[3] [Docket No. 8, at 8.] The Court now turns to the issue of improper venue.

## II. LEGAL STANDARD

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The *Jumara* Court explained that "Section 1404(a) provides for the transfer of a case where both the original and requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Id.* Thus, either statute could provide a basis for the transfer of a case, but "only [Section] 1406 can support a dismissal." *Id.* Section 1404(a) and 1406 "are companion sections, remedial in nature, enacted at the same time, and both dealing with the expeditious transfer of an action from one district or division to another." *U.S. v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964) (citations omitted). However, the specific inquiry made under each statute—after determining whether venue is proper and thus, which statute is applicable—is somewhat different. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[3] With respect to the issue of adequacy of consideration to support the 2019 Agreement, this Court previously made note of several benefits conferred upon both parties in addition to Mr. Borysowski's continued, at-will employment, including the administrative benefit for ECI of having its employees signed up to the same template agreement, the fact that some of the restrictive covenants in the 2019 Agreement were less restrictive on Mr. Borysowski, and the added benefit for ECI of having a discretionary forum selection clause compared to the mandatory forum selection clause in the 2014 Agreement. [Docket No. 8, at 7.]

9

where it might have been brought or to any district or division to which all parties have consented.

Section 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Of Tex.*, the Supreme Court explained that the threshold inquiry as to whether a district court should apply Section 1404(a) or 1406(a)—*i.e.,* "whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." 571 U.S. 49, 55 (2013). That statute provides that "[a] civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). Thus, in considering whether venue is proper in this case, the relevant inquiry before this Court is "whether the case falls within one of the three categories set out in § 1391(b). . . if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* at 56.

In the event a district court determines that it is not the proper venue for a particular suit, "the question of whether transfer [is] warranted in the interest of justice" remains. *Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 81 (3d Cir. 2015). "Although courts generally refrain from *sua sponte* dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances." *Walton v. Jones*, 2018 WL 4138926, at *1 (E.D. Mich. Aug. 29, 2018) (*citing Johnson v. Christopher*, 233 Fed. Appx. 852, 853–54 (10th Cir. 2007) (affirming district court's *sua sponte* dismissal without prejudice pursuant to § 1406(a)); *Davis v. Reagan,* 872 F.2d 1025, 1989 WL 40200 at *1 (6th Cir. 1989) (affirming *sua sponte* dismissal on grounds of improper venue when case filed in Tennessee and proper venue in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 Fed. Appx. 119, 121 (3d Cir. 2012) (*sua sponte* dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the interests of justice)); *see also Younce v. Beavers*, 2011 WL 3876922, at *2 (S.D. Miss. Aug. 18, 2011), *report and recommendation adopted*, 2011 WL 3876913 (S.D. Miss. Sept. 1, 2011) (explaining that "[t]his court has discretion to either dismiss Plaintiff's claims or transfer the case, *sua sponte*, pursuant to Section 1406(a)").

III. ANALYSIS

Having determined that the 2019 Agreement is valid, binding, and should govern the parties' dispute, the Court turns now to the forum selection clause at

Section 8(f) of the 2019 Agreement:

> (f)  Jurisdiction of Courts.  Any legal suit, action, claim, proceeding or investigation arising out of or relating to this Agreement may be instituted, in the discretion of ECI, in the Court of Common Pleas of Delaware County, Pennsylvania, or the state and federal courts located in the county and state where employed. Employee hereby consents to the personal jurisdiction of the Court of Common Pleas of Delaware County, Pennsylvania, or the state and federal courts located in the county and state where Employee is employed, for any lawsuit filed there against Employee by ECI arising out of or relating to this Agreement. Employee waives any objection which Employee may now or hereafter have to such venue of any such suit, action, claim, or proceeding and irrevocably submits to the personal and subject matter jurisdiction the designated court.

In response to the Court's Order to Show Cause, ECI acknowledged the importance of a valid forum selection clause, citing the Supreme Court's instruction in *Bremen v. Zapata Off-Shore Co.*—that "[f]orum selection clauses are prima facie valid and should be enforced unless enforcement is shown to be unreasonable under the circumstances"—as well as the following rationale adopted by the Supreme Court in *Atlantic Marine*:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.

[Docket No. 9, at 2-3 (*first citing* 407 U.S. 1, 10 (1972); *then citing* 571 U.S. at 66).]

This Court finds that venue is not proper before it. ECI does not dispute that at no point during Mr. Borysowski's employment did he reside in New Jersey. ECI also does not dispute that since 2014, when "ECI moved [him] from an inside sales

role in Pennsylvania to an outside sales position in Towson, Maryland," Mr. Borysowski's sales territory was and remained "'centered on his home' in Southern Maryland, Washington, D.C., and Northern Virginia." [Docket No. 10, at 2-3.] Thus, the Court finds that neither of the first two prongs of 28 U.S.C. § 1391(b) are satisfied. With respect to the third and final prong, the Court finds that pursuant to the forum selection clause in the 2019 Agreement, there are multiple other districts in which this action may have otherwise been brought, including the District of Maryland, where Mr. Borysowski still resides to this day and where he provided services to ECI since 2014 [Docket No. 11, at 2-3], or the Court of Common Pleas of Delaware County, Pennsylvania,[4] given Mr. Borysowski's express consent to the personal jurisdiction of those courts.[5]

Having determined that venue is not proper in this Court, the Court must then

---

[4] The Eastern District of Pennsylvania encompasses Delaware County, Pennsylvania, and would likely be the proper venue for this case in the event that ECI initially filed in the Court of Common Pleas of Delaware County and Mr. Borysowski filed a proper Notice of Removal, as occurred in this District.

[5] Since there is at least one other district in which this action could have been brought pursuant to the first two prongs of 28 U.S.C. § 1391(b), the Court does not make any findings with respect to whether it has personal jurisdiction over Mr. Borysowski. In its Order to Show Cause, this Court did state its position that "upon expiration of the 2014 Agreement, this Court would no longer have a basis for personal jurisdiction over Mr. Borysowski" based on the argument that the forum selection clause in the 2014 Agreement was the only connection the parties' had to this District. However, for the avoidance of doubt, the Court makes no findings with respect to personal jurisdiction in its decision to dismiss this action pursuant to 1406(a). That decision is based on this Court's findings that venue is improper pursuant to 28 U.S.C. § 1391(b) and transfer is not in the interest of justice pursuant to 28 U.S.C. § 1406(a) after this Court's careful consideration of the unique facts of this case.

determine whether to dismiss the case, or alternatively, whether transfer is warranted "in the interest of justice." *Corigliano*, 611 F. App'x at 81. In analyzing the statutory framework of Section 1406(a) and its "interest of justice" inquiry, the Supreme Court has acknowledged that "[t]he problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn," and where dismissal "would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

This is not the typical case where a significant part of the applicable statute of limitations for ECI's cause of action has already run. In fact, ECI admits that just four months ago, "[i]n November of 2021, ECI learned that [Mr. Borysowski] was working for its direct competitor, Pro-Quip, Inc." [Docket No. 5, at 4 (*citing* Verified Comp., Docket No. 1, Ex. A ¶ 102).] Thus, the four-year statute of limitations for ECI's breach of contract claims under Pennsylvania law and the three-year statute of limitations for ECI's claims arising under the DTSA have just begun. In addition, in weighing the decision as to whether transfer or dismissal of this suit pursuant to Section 1406(a) is in the interest of justice, the most important factor influencing this Court's decision is the parties' forum selection clause in the 2019 Agreement. The Court gives the utmost importance to the fact that the parties expressly agreed in Section 8(f) of the 2019 Agreement that ECI shall retain the discretion to choose in

which court to bring suit. The Court finds that it is not in the interest of justice for the Court to divest ECI of its discretion and make the decision for ECI as to where to transfer this case. On one hand, Mr. Borysowski provided services at all relevant times out of ECI's Towson, Maryland office, which seems to suggest that the District of Maryland may be a proper venue for this suit. On the other hand, ECI is a Pennsylvania-based company [Docket No. 1 ¶ 15], and the parties agreed that the 2019 Agreement should be governed by Pennsylvania law [Docket No. 5, Ex. B § 8(c)].

The Court acknowledges that in its Order to Show Cause, it contemplated transferring this case pursuant to 28 U.S.C. § 1404(a), attempting to have the parties agree as to the proper forum for this case to proceed. Upon further consideration, the Court recognizes that the applicable statute is 28 U.S.C. § 1406, given that venue is not proper in this Court pursuant to 28 U.S.C. § 1391(b). In any event, the parties were not able to agree as to which forum this Court should transfer the present action. In its most recent submission, ECI stated that it "recently requested Defendant's consent to transfer this matter to the Eastern District of Pennsylvania. However, Defendant has advised that he would not consent to such a transfer." [Docket No. 9, at 3.] Mr. Borysowski's response was that "any surviving claims contained in the Verified Complaint should be transferred to the United States District Court for the District of Maryland (Southern Division)." [Docket No. 10, at 3.] Given that ECI retains discretion under the 2019 Agreement as to where to file its cause of action, this Court declines to rule which other court is more appropriate

here—that is a decision that should be left to ECI and a decision ECI still has an adequate amount of time to make. Given the unique facts of this case, the Court finds that dismissal, rather than transfer, is "in the interest of justice."

## IV.     CONCLUSION

For the reasons set forth above, this action shall be dismissed pursuant to 28 U.S.C. § 1406(a). An accompanying Order as of today's date shall issue.

<u>March 11, 2022</u>       s/Renée Marie Bumb
Date                                  Renée Marie Bumb
                                         U.S. District Judge